IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>$380,050.00 IN UNITED STATES CURRENCY,<br><br>    Defendant. | Civil No. 8:14CV276<br><br>**COMPLAINT FOR FORFEITURE *IN REM*** |

COMES NOW the Plaintiff, United States of America, and for its cause of action against the Defendant, states and alleges as follows:

### Nature of the Action

1.   This is an action to forfeit property to the United States for violations of 21 U.S.C. § 881.

### The Defendant *In Rem*

2.   The Defendant property consists of $380,050.00 in United States currency seized from Brian Robinson on April 25, 2014, at approximately Mile Marker 372 on westbound Interstate 80 in Seward County, Nebraska.  It is presently in the custody of the United States Customs and Border Protection at Minneapolis, Minnesota.

### Jurisdiction and Venue

3.   This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).  This Court also has jurisdiction over this particular action under 21 U.S.C. § 881.

4.  This Court has *in rem* jurisdiction over the Defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

## Basis for the Forfeiture

6.  The Defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## Facts

7.  On April 25, 2014, Seward County Sheriff's Office Sgt. Mike Vance stopped a red 2008 GMS Sierra pickup truck for speeding and for not safely passing another vehicle as the pickup truck was traveling westbound on Interstate 80 in Seward County, Nebraska. The traffic stop occurred at approximately Mile Marker 372. The driver and sole occupant of the vehicle was identified as Brian Robinson of Pittsburgh, Pennsylvania. Mr. Robinson took a seat in Sgt. Vance's patrol vehicle. The two spoke about Mr. Robinson's travel plans.

8.  Mr. Robinson said he was coming from Pittsburgh traveling to Fairfield, California. He said he travels there three or four times a year for his company. He said he was in real estate. Sgt. Vance gave Mr. Robinson a warning and told him he was free to go. After Mr. Robinson

turned to leave, Sgt. Vance asked if he could ask a few more questions. Mr. Robinson said yes, and turned his attention to Sgt. Vance.

9. Sgt. Vance asked Mr. Robinson if he had any weapons in the vehicle; he replied no, looking straight at the sergeant, answering without hesitation. Sgt. Vance asked Mr. Robinson if he had any large amounts of money in the vehicle. Mr. Robinson looked away from Sgt. Vance, toward his pickup truck, and softly replied, no. Sgt. Vance asked Mr. Robinson if he had any narcotics in his vehicle. Mr. Robinson looked straight at Sgt. Vance, and said no without hesitation. Sgt. Vance asked Mr. Robinson if he could search the truck. Mr. Robinson started shaking. Mr. Robinson said no; he needed to get going.

10. Sgt. Vance told Mr. Robinson he was going to deploy his drug detector dog, present at the scene, around Mr. Robinson's vehicle. If the dog did not indicate, Mr. Robinson could be on his way. Sgt. Vance then deployed his canine, which indicated to the odor of controlled substances emanating from the seam between the rear driver's side door and the back of the cab, and coming from the tailgate.

11. Sgt. Vance asked Mr. Robinson if he knew of any reason why the dog would indicate on the vehicle; Mr. Robinson said no. Sgt. Vance again asked if Mr. Robinson had any marijuana in the truck; he said no. Sgt. Vance then asked if he was sure he did not have any large amounts of money in the truck; Mr. Robinson replied no, none. Sgt. Vance then searched the passenger area of the truck. He found receipts in the console indicating Mr. Robinson had made other trips from California to Pittsburgh in the prior two months. He also found a cashier's check made payable to Mr. Robinson for $22,000.00 and a withdrawal slip for $14,000.00.

There was a black duffel bag on the rear floor board. Sgt. Vance unzipped it. The bag contained eleven Ziplock bags, seven of which had "Cuz" written on them. The bags held rubber-banded bundles of currency. The duffel bag also held two "Black Ice" air fresheners.

12. Sgt. Vance asked Mr. Robinson how much money was in the bag. He said $350,000. Sgt. Vance then returned to the truck, and searched the truck bed. There was a very large duffel bag which contained five large duffel bags. Upon making this discovery, Sgt. Vance could smell the odor of raw marijuana. There was another very large duffel bag in the bed of the pickup; it held two forty-pound bags of dog food. There was a third, very large duffel bag in the bed of the pickup; it contained dog toys and equipment.

13. Sgt. Vance placed Mr. Robinson under arrest and had him transported to the Seward County Sheriff's Office in Seward County, Nebraska. Mr. Robinson's vehicle was towed to the same location.

14. At the Sheriff's Office, Sgt. Vance used his canine to conduct a discretionary sniff on the money seized from Mr. Robinson's vehicle. The dog indicated to the odor of a controlled substance emanating from the money.

15. Sgt. Vance and other members of the Seward County Sheriff's Office began counting the currency. They determined over $320,000.00 of it consisted of $20.00 bills. The total amount of currency seized from the vehicle was $380,050.00. That sum is the Defendant property in this case.

16. Mr. Robinson agreed to speak to Sgt. Vance. Prior to doing so, Sgt. Vance orally informed Mr. Robinson of his *Miranda* rights and obtained Mr. Robinson's signature on a written *Miranda* waiver form.

4

17. Mr. Robinson stated the money belonged to him, he had won it gambling. When Sgt. Vance said he found marijuana in the duffel bags in the truck, Mr. Robinson replied, "Oh sh--". Mr. Robinson then stated he picked up the wrong bags. Sgt. Vance asked to whom the bags belonged and where did Mr. Robinson pick them up. Mr. Robinson replied, "I won't go there".

18. Mr. Robinson said he obtained the money as a professional gambler and he had won the money. He then said only 5% came from a casino; the remaining 95% came from illegal poker games. Mr. Robinson again stated he had picked up the wrong bag, but he would not say where or from whom. In response to an officer saying there was $380,000.00 in his truck, Mr. Robinson said he thought it should have been around $390,000.00, and added, "They must have shorted me". When officers asked who shorted him, Mr. Robinson replied, "We won't go there". Officers told Mr. Robinson if he claimed winnings from illegal gambling on his taxes to launder his drug money, he was committing a federal crime and could be prosecuted federally for it. Mr. Robinson then stated, "I'm done. I want a lawyer." The officers terminated the interview at that time.

**Claim for Relief**

WHEREFORE, the Plaintiff, United States of America, prays that the Defendant property be proceeded against for forfeiture in accordance with the laws, regulations and rules of this Court; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that the Defendant property be condemned, as forfeited, to the United States of America and disposed of according to law and regulations; that the costs of this action be assessed

against the Defendant property; and for such other and further relief as this Court may deem just and equitable.

UNITED STATES OF AMERICA,
Plaintiff

DEBORAH R. GILG
United States Attorney

By: _____
NANCY A. SVOBODA  (#17429)
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700

## VERIFICATION

STATE OF NEBRASKA     )
                      ) ss.
COUNTY OF DOUGLAS     )

Pursuant to Rule C(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Assistant United States Attorney for the District of Nebraska, Nancy A. Svoboda, being first duly sworn, deposes and states the facts set forth herein are true and correct according to the best of her knowledge and belief.

_____
NANCY A. SVOBODA  (#17429)
Assistant U.S. Attorney

Subscribed and sworn to before me this 16th day of September, 2014.

[GENERAL NOTARY - State of Nebraska
SHARLEEN ANN MAXWELL
My Comm. Exp. June 6, 2017]

_____
Notary Public

Pursuant to the rules of this Court, the United States of America hereby requests the trial of the above and foregoing action be held in Omaha, Nebraska, and be calendared accordingly.

_____
NANCY A. SVOBODA
Assistant U.S. Attorney

7